**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50132 |
| Plaintiff-Appellee, | D.C. No.<br>3:17-cr-00809-CAB-1 |
| v. | |
| RAUL MEJIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted October 21, 2019[**]
Pasadena, California

Before:  KLEINFELD, PAEZ, and CALLAHAN, Circuit Judges.


Raul Mejia, a federal prisoner, appeals his conviction as a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  During an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

investigation into a burglary at a storage center, police searched Mejia's truck and found a firearm hidden behind the glove compartment. The district court declined to suppress the firearm and denied Mejia's motion for a *Franks* hearing. We review these rulings de novo. *United States v. Adjani*, 452 F.3d 1140, 1143 (9th Cir. 2006) (discussing the standard of review for suppression motions); *United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2017) (discussing the standard of review for *Franks* hearing motions), *cert. denied*, 139 S. Ct. 113 (2018). The district court also overruled his objections to what he characterizes as "expert testimony" on the part of a police officer. This we review under "a clear abuse of discretion" standard. *United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014). Upon our review, we affirm Mejia's conviction.

1.    While Mejia argues on appeal that the search warrant for his truck was invalid, we find it unnecessary to address this claim. The automobile exception to the Fourth Amendment's warrant requirement, as articulated by *Carroll v. United States*, 267 U.S. 132 (1925), precludes most of Mejia's arguments. This exception generally permits law enforcement, assuming they have probable cause, to search a vehicle without a warrant. *Collins v. Virginia*, 138 S. Ct. 1663, 1669 (2018). Further, Mejia does not dispute that law enforcement had probable cause to search

his truck, arguing instead that there was not probable cause to search behind the glove compartment. But this is a meritless claim. At minimum, the officer had probable cause to believe that the proceeds of the burglary or relevant financial records might be hidden in the truck, and such items could clearly be hidden behind a glove compartment.

Additionally, Mejia's claim that the Government forfeited the automobile exception is meritless. It "is claims that are deemed waived or forfeited, not arguments." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). Moreover, we have expressly declined to find forfeiture in this context. *United States v. Williams*, 846 F.3d 303, 311–12 (9th Cir. 2016); *see also United Sates v. Guzman–Padilla*, 573 F.3d 865, 877 n.1 (9th Cir. 2009).

2.     Because we hold that the search of the truck was justified by the automobile exception, it is unnecessary for us to address Mejia's motion for a *Franks* hearing. We do note, however, that even if we were to reach this issue, we would affirm based on the district court's reasoning: Mejia has failed to articulate any material statement or omission that is misleading.

3.     Under Federal Rule of Evidence 701, a lay witness's testimony must be rationally based on his or her perception, helpful to determining a fact in issue, and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." To the extent that the officer's testimony went beyond the bounds of Rule 701, we find that Mejia has failed to show that he was prejudiced by such statements.

(A) The officer's testimony about the condition of the gun was acceptable, and was based on his own recollection during the search of the truck. That he referred to lubricant on the gun's slide did not transform him into an expert witness.

(B) The officer's testimony about the normal use of hollow point rounds as compared to full metal jacket rounds was as an expert. Because it was based, however lightly, on the officer's abstract and specialized knowledge, it was beyond the scope of a lay witness. However, this error did not prejudice Mejia. His crime was committed when he possessed a firearm while being a felon, it does not matter whether he was using it for practice or self-defense.

(C) The officer's testimony about the about the prevalence of fingerprints on recently-cleaned firearms, a statement to which Mejia did not object, was as an expert. Even so, Mejia cannot show prejudice from this statement. The statement is largely intuitive (*i.e.*, a recently-cleaned firearm is not likely to have fingerprints), and moreover, the total lack of fingerprints would do little to help Mejia's argument at trial that the gun did not belong to him.

Mejia's conviction is therefore **AFFIRMED**.